IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| EDWARD KOCHANEK : | |
| : | |
| v. : | CIVIL ACTION NO.: |
| : | |
| NEW JERSEY TRANSIT RAIL : | |
| OPERATIONS : | |

## COMPLAINT

1. Plaintiff, Edward Kochanek, is an adult individual and citizen of the State of New Jersey, residing therein at 211 Walling Place, Middletown, New Jersey 07748.

2. Defendant, New Jersey Transit Rail Operation (hereinafter "NJT") is a corporation organized and existing under the laws of the State of New Jersey, with its corporate offices located at One East Penn Plaza, Newark, New Jersey

3. Plaintiff's action arises under the Act of Congress of April 22, 1908, 35 stat., 63, Chapter 149 and amendments thereto commonly known as the Federal Employers' Liability Act, 45 U.S.C. Section 51 et seq.

4. At all times relevant and material hereto defendant NJT was doing business within the jurisdiction of this court, as an interstate common carrier of passengers.

5. This Court has jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. Section 51 et seq.

6. The accident giving rise to this lawsuit occurred on October 29, 2012.

7. The accident giving rise to this lawsuit occurred in Red Bank, New Jersey.

8. At all time relevant and material to this cause of action, plaintiff was employed by defendant NJT and was acting within the course and scope of his employment and duties for defendant NJT and in the furtherance of interstate commerce at which time he was injured due to an unsafe condition existing at the work place and in connection with the work that he was directed and required to perform.

9. On or about October 29, 2012, while working in the course and scope of his employment with defendant NJT, plaintiff injured his back as a result of the removing and tying gates due to an impending hurricane. The injuries suffer by plaintiff to his back are permanent injuries.

10. Defendant NJT was negligent in failing to provide plaintiff with a safe place to work which negligence caused the plaintiff's injuries. Defendant NJT knew or in should have known that the work assigned to plaintiff to perform was unsafe due to the conditions then and there existing and the location where plaintiff was required to perform his work duties.

11. The plaintiff's October 29, 2012 accident and his resulting injuries were caused by the negligence and carelessness of the defendant NJT, its agents, servants and/or employees in each of the following particulars, including but not limited to:

    a) Failing to provide plaintiff with a safe place to work and safe working condition;

    b) Requiring work to be performed in an unsafe manner;

    c)    Failing to protect plaintiff from the peculiar and unreasonable risk and/or risks of physical harm which defendant recognized or should have recognized to likely be created by the condition that existed at the aforementioned area and assigned work location;

    d)    Failing to provide for the safety and protection of the plaintiff at the location where he was assigned to work;

    e)    Failing to provide adequate man power and personal to perform the work assigned;

    f)    Providing unsafe premises in which plaintiff was required to work;

    g)    Unreasonably exposing plaintiff to the risk of injury by directing and assigning plaintiff to a work location which defendant knew to be unsafe and where plaintiff would be exposed to the risk of injury.

12. As a direct result of the October 29, 2012 accident and the negligence of defendant NJT, as set forth herein, plaintiff sustained serious, severe, and permanent injuries including but not limited injuries to his back; lumbar radiculopathy; multi level lumbar disc herniations with nerve and impingement and cord compression.

13. As a further direct result of this accident and the negligence of defendant NJT, as set forth herein, plaintiff has suffered and will continue in the future to suffer, great physical, emotional, psychological and mental pain, suffering and anguish, all to his great detriment, for which he is entitled to be compensated.

14. As a further direct result of this accident and the negligence of defendant NJT , as set forth herein, plaintiff has been prevented and will in the future be prevented, from attending to his usual and daily activities, occupations, duties, and avocations all to his great detriment and loss.

15. As a further direct result of this accident and the negligence of defendant NJT, as set forth herein, plaintiff has suffered a loss of his earnings and an impairment of his earning capacity.

WHEREFORE, Plaintiff demands judgment against defendant NJT in an amount in excess of One Hundred Thousand ($100,000.00) Dollars.

                      KLEEMAN & DiGIOVANNI, P.C.

By: *Joseph J. DiGiovanni*
     JOSEPH J. DiGIOVANNI, ESQUIRE
     Attorney for Plaintiff
     1819 John F Kennedy Blvd - Suite 309
     Philadelphia, PA 19103
     (215) 963-1087
     jdigiovanni@live.com

Dated: 6/3/14